IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-00034-PAB-NRN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KYLE L. BAUER and
COLORADO DEPARTMENT OF REVENUE,

    Defendants.

# ORDER

This matter is before the Court on the United States' Motion for Default Judgment Against Kyle L. Bauer [Docket No. 27].

## I. BACKGROUND

Because of the Clerk of Court's entry of default, Docket No. 18, the allegations in plaintiff's complaint, Docket No. 1, are deemed admitted. *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003). The United States brings this lawsuit to reduce to judgment federal tax liabilities assessed against defendant Kyle Bauer ("Bauer") and to foreclose federal tax liens on Bauer's property, located at 749 and 751 E. 8th Street, Akron, Colorado 80720. Docket No. 1 at 1, ¶ 1.

During the time periods relevant to this case, Bauer conducted business under the name of Bauer Construction, a sole proprietorship. *Id.* at 3, ¶ 11. Based on Bauer's failure to file (a) a Form 1040 Individual Income Tax Return for the tax year ending on December 31, 2002, (b) a Form 941 Employer's Quarterly Federal Tax

Return on behalf of Bauer Construction for the quarterly tax periods ending on December 31, 2006 and March 31, 2007, and (c) a Form 940 Employer's Annual Federal Unemployment (FUTA) Tax Return on behalf of Bauer Construction for the tax year ending on December 31, 2006, a duly authorized delegate of the Secretary of the Treasury made assessments against Bauer for the unpaid tax liabilities. *Id.* at 3-4, ¶¶ 13-20; *see also* Docket No. 28 at 2-3, ¶¶ 4, 6-8. According to the assessments, Bauer owes $65,255.64 in unpaid taxes, penalties, and interest. Docket No. 1 at 4-5, ¶ 21.

Plaintiff filed this lawsuit on January 5, 2018. Docket No. 1. Count One of the complaint seeks to reduce to judgment the unpaid federal income tax assessments made against Bauer. *Id.* at 5-6, ¶¶ 22-23. Count Two requests a judgment against Bauer based on the unpaid federal employment tax assessments. *Id.* at 6, ¶¶ 24-25. Count Three seeks to foreclose federal tax liens on Bauer's property and requests a decree of sale pursuant to 26 U.S.C. § 7403(c). *Id.* at 6-7, ¶¶ 26-32.

On March 30, 2018, plaintiff filed a Motion to Extend Time for Service and to Serve By Publication [Docket No. 9], wherein plaintiff stated that it had been unable to locate and serve Bauer despite diligent efforts and requested leave to serve Bauer by publication pursuant to Fed. R. Civ. P. 4(e)(1) and Colo. R. Civ. P. 4(g). Docket No. 9 at 4-5. On April 2, 2018, the magistrate judge granted the motion. Docket No. 11. In addition to requiring service by publication, the magistrate judge ordered plaintiff to mail a copy of the complaint and summons to Bauer at 751 E. 8th Street, Akron CO 80720. Docket No. 11 at 2. On May 24, 2018, plaintiff filed proof of publication and a declaration verifying that plaintiff had mailed a copy of the complaint and summons to

Bauer's properties at 749 and 751 E. 8th Street. See Docket Nos. 14, 15. After Bauer failed to appear in this action, plaintiff moved for entry of default under Fed. R. Civ. P. 55(a). Docket No. 16. The Clerk of Court entered default on June 15, 2018, Docket No. 18, and on October 22, 2018, plaintiff filed a motion for default judgment under Fed. R. Civ. P. 55(b). Docket No. 27.

## II. LEGAL STANDARD

In order to obtain a judgment by default, a party must follow the two-step process described in Fed. R. Civ. P. 55. First, the party must seek an entry of default from the Clerk of the Court under Rule 55(a). Second, after default has been entered by the Clerk, the party must seek judgment under the strictures of Rule 55(b). *See Williams v. Smithson*, 57 F.3d 1081, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (unpublished table decision) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

The decision to enter default judgment is "committed to the district court's sound discretion." *Olcott*, 327 F.3d at 1124 (citation omitted). In exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits." *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation and citations omitted). "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* It serves to protect plaintiffs against "interminable delay and continued uncertainty as to his rights." *Id.* at 733. When "ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Seme v. E&H Prof'l Sec. Co., Inc.*, No. 08-cv-01569-RPM-

3

KMT, 2010 WL 1553786, at *11 (D. Colo. Mar. 19, 2010).

A party may not simply sit out the litigation without consequence. *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("[A] workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard"). One such consequence is that, upon the entry of default against a defendant, the well-pleaded allegations in the complaint are deemed admitted. *See* Charles Wright, Arthur Miller & Mary Kane, Fed. Prac. & Proc. § 2688 (3d ed. 2010). "Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id.* at 63. A court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.* 291 F.3d 1227, 1232 (10th Cir. 2002). Although "[s]pecific facts are not necessary" in order to state a claim, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation and alteration marks omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quotation and

4

citation omitted).

## III. ANALYSIS

Before addressing the merits of plaintiff's motion for default judgment, the Court must determine whether it has jurisdiction over this case. *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) (holding that "a district court must determine whether it has jurisdiction over the defendant before entering judgment by default against a party who has not appeared in the case"). The Court has subject matter jurisdiction because this is an action by the United States to reduce to judgment federal tax liabilities and foreclose on federal tax liens. *See* 26 U.S.C. §§ 7402(a), 7403; 28 U.S.C. §§ 1340, 1345. Regarding the issue of personal jurisdiction, plaintiff alleges that Bauer resides in the District of Colorado. *See* Docket No. 1 at 2, ¶ 4; *see also United States v. Olsen*, No. 14-cv-03302-WJM-KLM, 2016 WL 322554, at *2 (D. Colo. Jan. 27, 2016). However, whether the Court has personal jurisdiction over Bauer also depends on whether service of process was adequate. *Holcim (US) Inc. v. Limerock Materials, LLC*, No. 11-cv-00686-REB-CBS, 2012 WL 4442757, at *4 (D. Colo. Sept. 26, 2012).

Relying on Fed. R. Civ. P. 4(e)(1) and Colo. R. Civ. P. 4(g), plaintiff served Bauer by publication from April 18, 2018 through May 16, 2018, Docket No. 14; Docket No. 27 at 2, ¶ 4, and mailed a copy of the complaint and summons to Bauer's property at 749 and 751 E. 8th Street, Akron, CO 80720. Docket No. 15 at 1, ¶ 2; Docket No. 27 at 2, ¶ 5. While these measures may have been adequate to perfect service under Colo. R. Civ. P. 4(g), the Court finds that they do not constitute adequate service of process in

5

light of the claims at issue in this case.

Rule 4(g) of the Colorado Rules of Civil Procedure allows "service by mail or publication . . . only in actions affecting specific property or status or other proceedings in rem." Because Counts One and Two of the complaint seek to reduce federal tax assessments to a personal judgment against Bauer, they are *in personam* claims and outside the scope of Rule 4(g). *See United States v. Elsberg,* No. 08-cv-00552-MSK-KLM, 2010 WL 5177439, at *3 (D. Colo. Aug. 17, 2010), *report and recommendation accepted*, 2010 WL 5177499 (D. Colo. Nov. 5, 2010); *cf. Sumers v. Bd. of Comm'rs of Garfield Cty.*, 184 P.2d 144, 147 (Colo. 1947) ("[A] proceeding may be partly in rem and partly in personam, such as the usual form of suit to foreclose a mortgage – in rem to subject the property to the debt, and in personam to obtain personal judgment against the debtor.").[1] Plaintiff was therefore required to proceed under Colo. R. Civ. P. 4(f), which sets forth the following requirements for obtaining substitute service of process in cases not covered by Rule 4(g):

> In the event that a party attempting service of process by personal service under section (e) is unable to accomplish service, and service by publication or mail is not otherwise permitted under section (g), the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service. The motion shall state (1) the efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom services is to be effected. If the court is satisfied that due diligence has been used to attempt personal service under section (e), that further

---

[1]As the district court noted in *Elsberg*, 28 U.S.C. § 6321 "anticipates the entry of a judgment that can be enforced against property other than th[e] specific piece of real property" at issue in this lawsuit. *United States v. Elsberg,* No. 08-cv-00552-MSK-KLM, Docket No. 70 at 7:9-17 (D. Colo. June 10, 2009).

6

> attempts to obtain service under section (e) would be to no avail, and that the person to whom delivery of the process is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall:
>
> (1) authorize delivery to be made to the person deemed appropriate for service, and
>
> (2) order the process to be mailed at the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery. Service shall be complete on the date of delivery to the person deemed appropriate for service.

Colo. R. Civ. P. 4(f). The Colorado Supreme Court has explained that "the completion and validity of service" under this rule "is linked to the delivery of process to the substituted person and not to the mailing of process to the defendant." *Willhite v. Rodriquez-Cera*, 274 P.3d 1233, 1240 (Colo. 2012). Thus, "[i]f process is never delivered to the substituted person, service can never be valid and complete under [Colo. R. Civ. P.] 4(f)." *Id.*

Here, plaintiff never identified a substituted person who could receive service of process on behalf of Bauer. As a result, plaintiff has not satisfied the requirements for valid service under Colo. R. Civ. P. 4(f), and the motion for default judgment will be denied.[2] Because plaintiff's failure to complete service is due in part to a court order authorizing service of process under Colo. R. Civ. P. 4(g), the Court finds good cause to extend the time for service under Fed. R. Civ. P. 4(m). In the event plaintiff is able to complete service in conformity with Colo. R. Civ. P. 4(f), plaintiff may re-file its motions for entry of default and default judgment.

---

[2]Although Count Three falls within the scope of Colo. R. Civ. P. 4(g), it does not make sense to proceed on that claim before Counts One and Two can be resolved.

**IV. CONCLUSION**

Wherefore, it is

**ORDERED** that the United States' Motion for Default Judgment Against Kyle L. Bauer [Docket No. 27] is **DENIED** without prejudice. It is further

**ORDERED** that the Clerk's entry of default, Docket No. 18, is set aside. It is further

**ORDERED** that plaintiff shall have one hundred days, from the date of this order, to effectuate proper service under Fed. R. Civ. P. 4. It is further

**ORDERED** that, within ten days of this order, plaintiff shall file a motion requesting appropriate service under Fed. R. Civ. P. 4 and Colo. R. Civ. P. 4.

DATED September 30, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge