IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-00034-PAB-NRN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KYLE L. BAUER and
COLORADO DEPARTMENT OF REVENUE,

    Defendants.

## ORDER

This matter is before the Court on the United States' Second Motion for Default Judgment Against Kyle L. Bauer [Docket No. 44].

## I. BACKGROUND

The United States brings this lawsuit to reduce to judgment federal tax liabilities assessed against defendant Kyle Bauer and to foreclose federal tax liens on Mr. Bauer's property, located at 749 and 751 E. 8th Street, Akron, Colorado 80720.[1] Docket No. 1 at 1, ¶ 1.

During the time periods relevant to this case, Mr. Bauer conducted business

---

[1] On January 13, 2020, the Clerk of Court entered default. Docket No. 43. As a result, the allegations in plaintiff's complaint, Docket No. 1, are deemed admitted. *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003).

under the name of Bauer Construction, a sole proprietorship.[2]  *Id.* at 3, ¶ 11.  Based on Mr. Bauer's failure to file (a) a Form 1040 Individual Income Tax Return for the tax year ending on December 31, 2002, (b) a Form 941 Employer's Quarterly Federal Tax Return on behalf of Bauer Construction for the quarterly tax periods ending on December 31, 2006 and March 31, 2007, and (c) a Form 940 Employer's Annual Federal Unemployment Tax Return on behalf of Bauer Construction for the tax year ending on December 31, 2006, a duly authorized delegate of the Secretary of the Treasury made assessments against Mr. Bauer for the unpaid tax liabilities.  *Id.* at 3-4, ¶¶ 13-20; *see also* Docket No. 28 at 2-3, ¶¶ 4, 6-8.  According to the assessments, Mr. Bauer owes $65,255.64 in unpaid taxes, penalties, and interest at the time plaintiff filed the complaint.  Docket No. 1 at 4-5, ¶ 21.

Plaintiff filed this lawsuit on January 5, 2018.  Docket No. 1.  Count One of the complaint seeks to reduce to judgment the unpaid federal income tax assessments made against Mr. Bauer.  *Id.* at 5-6, ¶¶ 22-23.  Count Two requests a judgment against Mr. Bauer based on the unpaid federal employment tax assessments.  *Id.* at 6, ¶¶ 24-25.  Count Three seeks to foreclose federal tax liens on Mr. Bauer's property and requests a decree of sale pursuant to 26 U.S.C. § 7403(c).  *Id.* at 6-7, ¶¶ 26-32.

On March 30, 2018, plaintiff filed a Motion to Extend Time for Service and to Serve By Publication [Docket No. 9], wherein plaintiff stated that it had been unable to locate and serve Mr. Bauer despite diligent efforts and requested leave to serve Mr.

---

[2] The Colorado Department of Revenue disclaims any interest it may have in the subject properties.  Docket No. 5 at 1.

2

Bauer by publication pursuant to Fed. R. Civ. P. 4(e)(1) and Colo. R. Civ. P. 4(g). Docket No. 9 at 4-5. On April 2, 2018, the magistrate judge granted the motion. Docket No. 11. In addition to requiring service by publication, the magistrate judge ordered plaintiff to mail a copy of the complaint and summons to Mr. Bauer at 751 E. 8th Street, Akron CO 80720. Docket No. 11 at 2. On May 24, 2018, plaintiff filed proof of publication and a declaration verifying that plaintiff had mailed a copy of the complaint and summons to Mr. Bauer's properties at 749 and 751 E. 8th Street. *See* Docket Nos. 14, 15. After Mr. Bauer failed to appear in this action, plaintiff moved for entry of default under Fed. R. Civ. P. 55(a). Docket No. 16. The Clerk of Court entered default on June 15, 2018, Docket No. 18, and on October 22, 2018, plaintiff filed its first motion for default judgment under Fed. R. Civ. P. 55(b). Docket No. 27.

On September 30, 2019, the Court denied plaintiff's first motion for default judgment. Docket No. 30. The Court found that counts one and two of the complaint were *in personam* claims and, as a result, service by mail to Mr. Bauer's property at 749 and 751 E. 8th Street, Akron, CO 80720, was insufficient to properly serve him because plaintiff did not identify a substituted person to receive service on behalf of Mr. Bauer. *Id.* at 5-7.

On November 6, 2019, the magistrate judge granted plaintiff's motion to serve Mr. Bauer by substituted service. Docket No. 38 at 1. Specifically, the magistrate judge found that Betty Schropfer, Mr. Bauer's neighbor and tenant, was an appropriate person for substituted service. *Id.* at 3. On December 5, 2019, plaintiff filed an affidavit showing that Ms. Schopfer was served as a substituted person for Mr. Bauer on

3

November 25, 2019.  Docket No. 39; Docket No. 40.  On December 17, 2019, plaintiff moved for entry of default.  Docket No. 41.  The Clerk of Court entered default on January 13, 2020.  Docket No. 43.  Plaintiff filed a second motion for default judgment on February 5, 2020.  Docket No. 44.

## II. LEGAL STANDARD

In order to obtain a judgment by default, a party must follow the two-step process described in Fed. R. Civ. P. 55.  First, the party must seek an entry of default from the Clerk of the Court under Rule 55(a).  Second, after default has been entered by the Clerk, the party must seek judgment under the strictures of Rule 55(b).  *See Williams v. Smithson*, 57 F.3d 1081, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (unpublished table decision) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

The decision to enter default judgment is "committed to the district court's sound discretion." *Olcott*, 327 F.3d at 1124 (citation omitted).  In exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits." *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation and citations omitted).  "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id.*  It serves to protect plaintiffs against "interminable delay and continued uncertainty as to his rights." *Id.* at 733.  When "ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Seme v. E&H Prof'l Sec. Co., Inc.*, No. 08-cv-01569-RPM-

KMT, 2010 WL 1553786, at *11 (D. Colo. Mar. 19, 2010).

A party may not simply sit out the litigation without consequence. *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("[A] workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard."). One such consequence is that, upon the entry of default against a defendant, the well-pleaded allegations in the complaint are deemed admitted. *See* 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2688.1 (4th ed., 2020 rev.). "Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id*. A court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.* 291 F.3d 1227, 1232 (10th Cir. 2002). Although "[s]pecific facts are not necessary" in order to state a claim, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quotation and

citation omitted).

## III. ANALYSIS

Before addressing the merits of plaintiff's motion for default judgment, the Court must determine whether it has jurisdiction over this case. *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) ("[A] district court must determine whether it has jurisdiction over the defendant before entering judgment by default against a party who has not appeared in the case."). The Court has subject matter jurisdiction because this is an action by the United States to reduce to judgment federal tax liabilities and foreclose on federal tax liens. *See* 26 U.S.C. §§ 7402(a), 7403; 28 U.S.C. §§ 1340, 1345. Regarding the issue of personal jurisdiction, plaintiff alleges that Mr. Bauer resides in the District of Colorado. *See* Docket No. 1 at 2, ¶ 4. Additionally, the property at issue is located in the District of Colorado, and the federal tax liabilities accrued based on business conducted in Colorado. Docket No. 1 at 3, ¶ 11; Docket No. 44 at 6 n.3. Based on these allegations, and the proper substituted service on Mr. Bauer, Docket Nos. 38, 39, 40, the Court finds that it has personal jurisdiction. *See United States v. Olsen*, No. 14-cv-03302-WJM-KLM, 2016 WL 322554, at *2 (D. Colo. Jan. 27, 2016) (noting that the District of Colorado has personal jurisdiction over Colorado residents "because the District of Colorado encompasses the entire state").

Plaintiff alleges that Mr. Bauer is liable for (1) unpaid federal income taxes for 2002, (2) quarterly employment taxes for the fourth quarter of 2006 and the first quarter of 2007, and (3) yearly unemployment taxes for 2006. Docket No. 1 at 4-5, ¶ 21;

Docket No. 44 at 5.  Plaintiff further states that the Internal Revenue Service ("IRS") has authorized the United States file suit to claim the unpaid taxes.  Docket No. 1 at 2, ¶ 2; Docket No. 44 at 5-6.  Plaintiff seeks a judgment for the unpaid federal tax liabilities plus interest and statutory penalties, as well as to foreclose on two properties which have federal tax liens.  Docket No. 44 at 12-13.

The Court finds that plaintiff is entitled to default judgment against Mr. Bauer. Plaintiff has submitted various Forms 4340 for the relevant tax periods.  *See* Docket Nos. 45-1, 45-3, 45-4, 45-5.  These forms show that Mr. Bauer has outstanding federal income tax liability for 2002, Docket No. 45-1, owes outstanding quarterly employment taxes for the fourth quarter of 2006, Docket No. 45-3, and the first quarter of 2007, Docket No. 45-4, and owes yearly unemployment taxes for 2006.  Docket No. 45-5. Form 4340 contains information regarding the "identification of the taxpayer, the character of the liability assessed, the taxable period . . ., and the amount of the assessment."  *Ford v. Pryor*, 552 F.3d 1174, 1178 (10th. Cir. 2008) (citation omitted). As a result, Form 4340 is "presumptive proof of a valid assessment."  *Id.* at 1179 (quoting *March v. IRS*, 335 F.3d 1186, 1188 (10th Cir. 2003).  "This presumption will permit judgment in the Commissioner's favor unless the opposing party produces substantial evidence overcoming it."  *United States v. McMullin*, 948 F.2d 1188, 1192 (10th Cir. 1991) (citations omitted).  Defendant has not entered an appearance and, as a result, has failed to rebut this presumption.  *See United States v. Elsberg*, No. 08-cv-00552-MSK-KLM, 2010 WL 5177439, at *5 (D. Colo. Aug. 17, 2010).

Furthermore, Michael Sandoval, a Revenue Officer for the IRS, submitted an

affidavit demonstrating that Mr. Bauer owes $21,087.90 for the 2002 tax year, $10,679.87 for the 2006 tax year, $20,603.37 for the four quarter of 2006, and $20,550.75, for the first quarter of 2007. Docket No. 45 at 1, 7, ¶¶ 1, 23-35; see also Docket No. 45-8 at 2, 5, 8, 11.  These numbers were computed through the IRS INTSTD module, "which provides a calculation of accrued interest and penalties to any requested date on unpaid tax assessments for a particular taxpayer."  Docket No. 45 at 4-5, ¶ 15.  The INTSTD computations result from the totals calculated in the Forms 4340.  The Court is satisfied that these computations are correct.  Therefore, plaintiff has provided sufficient evidence to demonstrate that Mr. Bauer owes $72,921.89.[3] Plaintiff also claims that the total should be decreased by any payments made against the liabilities, and increased by interest and statutory additions accruing from February 4, 2020.  Docket No. 44 at 12.  These additions are provided by statute, 26 U.S.C. §§ 6601, 6621, 6622; 28 U.S.C. § 1961(c), and should be calculated according to statute.

If a taxpayer fails to pay tax liabilities after a demand for payment, the IRS receives a lien in the amount of the unpaid assessment.  See 26 U.S.C. §§ 6321, 6322. Plaintiff has shown that a lien entered against the properties located at 749 and 751 E. 8th Street, Akron, CO 80720.  Docket No. 46-1 at 3-5, 12-21; Docket No. 46-2 at 3-5, 12-21.  The Court can order foreclosure of federal tax liens on encumbered property,

---

[3] In plaintiff's motion, it claims that it is owed $72,922.19.  Docket No. 44 at 12. However, calculations based on Mr. Sandoval's affidavit and the INTSTD printouts demonstrate that Mr. Bauer's liability is $72,921.89.  Docket No. 45 at 1, 7, ¶¶ 1, 23-25; see also Docket No. 45-8 at 2, 5, 8, 11.

the sale of the property, and the application of the sale's proceeds to the unpaid federal tax liability at issue. 26 U.S.C. § 7403. Other than some property taxes for 2019, the State of Colorado and Ms. Schropfer are the only parties with an interest in the 749 and 751 properties. Docket No. 44 at 11. However, Ms. Schropfer and the State of Colorado have disclaimed any interest in the property. Docket Nos. 5, 17. Plaintiff maintains that, assuming the property taxes are not paid by the time of foreclosure, it will provide for the payment of the property taxes in a proposed order of sale pursuant to 26 U.S.C. § 6323(b)(6). Given the stipulation of the State of Colorado and Ms. Schropfer, and plaintiff's proposal to provide payment for the 2019 property taxes, the Court finds that foreclosure of the encumbered property is appropriate.

## IV. CONCLUSION

Wherefore, it is

**ORDERED** that the United States' Second Motion for Default Judgment Against Kyle L. Bauer [Docket No. 44] is **GRANTED**. It is further

**ORDERED** that the Clerk shall enter judgment in favor of the United States and against defendant Kyle L. Bauer in the amount of $72,921.89 less any payments made against the liabilities, plus interest and other statutory additions that have accrued since February 4, 2020, pursuant to 26 U.S.C. §§ 6601, 6621, 6622, and 28 U.S.C. § 1961(c). It is further

**ORDERED** that then United States' federal tax liens against the properties located at 749 and 751 E. 8th Street, Akron, CO 80720 are foreclosed, and those properties shall be sold pursuant to 26 U.S.C. § 7403 and 26 U.S.C. § 2001. Pursuant

to the stipulation between the State of Colorado and Betty Schropfer, the United States has priority over the distribution, subject to the payment of any outstanding liabilities pursuant to 26 U.S.C. § 6323(b)(6). It is further

**ORDERED** that a deficiency judgment is granted to the United States in the amount of the outstanding tax liabilities not satisfied by the sale of 749 and 751 E. 8th Street, Akron, CO 80720. It is further

**ORDERED** that, within 14 days of the entry of judgment, plaintiff may have its costs by filing a bill of costs with the Clerk of the Court.

DATED August 25, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge